UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| FAMILY RESEARCH COUNCIL ACTION, INC., *et al.*,<br><br>    *Plaintiffs,*<br><br>    v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*,<br><br>    *Defendants.* | Civil Action No.:<br>4:22-cv-00209-O |

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

I. This Court can and should grant a TRO because Plaintiffs' primary argument is that CDC's 2022 masking decisions are arbitrary and capricious. ........................................... 1

   A. This Court has jurisdiction because CDC's actions are challenged. ........................ 1

   B. It is clear that the Mask Mandate is now arbitrary and capricious. ......................... 3

      1. Plaintiffs challenge CDC's recent actions based on the evidence CDC recently had in hand. ..................................................................................... 3

      2. CDC's recent actions are arbitrary and capricious under factors Defendants do not discuss. ............................................................................ 3

      3. CDC's April 13 extension announcement shows that only swift injunctive relief will suffice. ............................................................................................. 7

II. Presidents can be named as Defendants when their Executive Orders give rise to a lawsuit. ....................................................................................................................... 8

III. Defendants deliberately confuse the balance of hardships with irreparable harm in the four-factor injunction analysis. ............................................................................. 9

CONCLUSION................................................................................................................. 10

CERTIFICATE OF SERVICE ........................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

*Califano v. Yamasaki*, 442 U.S. 682 (1979) ................................................................................ 10

*California v. Azar*, 911 F.3d 558 (9th Cir. 2021) ......................................................................... 10

*Comm. on Judiciary of U.S. House of Reps. v. Miers*, 542 F.3d 909 (D.C. Cir. 2008) ................... 8

*Dialysis Patient Citizens v. Burwell*, No. 4:17-cv-16, 2017 WL 365271
　(E.D. Tex. Jan. 25, 2017) ......................................................................................................... 10

*Encino Motorcars, LLC v. Navarro*, 579 U.S. 211 (2016) ............................................................. 7

*Jordan v. Fisher*, 823 F.3d 805 (5th Cir. 2016) ............................................................................. 9

*Motor Vehicles Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*,
　463 U.S. 29 (1983) ..................................................................................................................... 4

*Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967 (2005) .................... 5, 7

*Nken v. Holder*, 556 U.S. 418 (2009) .......................................................................................... 10

*Texas v. Becerra*, No. 5:21-cv-300-H, --- F. Supp. 3d ---, 2021 WL 6198109
　(N.D. Tex. Dec. 31, 2021) .......................................................................................................... 6

*Texas v. Biden*, 20 F.4th 928 (5th Cir. 2021) ................................................................................. 6

*Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided court*,
　136 S. Ct. 2271 (2016) ............................................................................................................. 10

*Trump v. Hawaii*, 138 S. Ct. 2392 (2018) ...................................................................................... 8

*Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080 (2017) .............................................. 8

*U.S. Chamber of Commerce v. U.S. Dep't of Labor*, 885 F.3d 360 (5th Cir. 2018) ................... 4, 5

*U.S. Navy SEALs 1–26 v. Biden*, No. 4:21-cv-1236-O, 2022 WL 34443
　(N.D. Tex. Jan. 3, 2022) ............................................................................................................. 8

*Wages & White Lion Investments, L.L.C. v. U.S. Food & Drug Admin.*,
　16 F.4th 1130 (5th Cir. 2021) ........................................................................................... 4, 6, 10

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008) ........................................................... 10

**Other Authorities**

Rytis Beresnevicius, *Singapore Airlines introduces world's longest flight to JFK*,
　AEROTIME HUB (Oct. 20, 2020) ................................................................................................. 4

*COVID-19: Choosing Safer Activities*, CDC ................................................................................. 4

*COVID-19: Use and Care of Masks*, CDC .................................................................................... 5

Andrea Hagstrom, *CDC extending travel mask mandate 15 more days*,
     Fox Bus. (Apr. 13, 2022) ................................................................................................ 8

Interview with Asish Jha, *Today Show* (NBC television broadcast Apr. 11, 2022) ....................... 2

*IRS issues standard mileage rates for 2021*, IRS ............................................................................ 9

*Requirements for Face Masks on Public Transportation Conveyances and at
     Transportation Hubs*, CDC (Feb. 25, 2022) ................................................................ 5

Celicia Smith-Schoenwalder, *CDC Guidance: 98% of the U.S. Population Can Drop
     Masks Indoors*, U.S. News & World Rep., (Mar. 11, 2022) ....................................... 5

Plaintiffs respectfully offer this Reply in support of Plaintiffs' Motion for Temporary Restraining Order (TRO) and Plaintiffs' Motion for Preliminary Injunction.

**I.   This Court can and should grant a TRO because Plaintiffs' primary argument is that CDC's 2022 masking decisions are arbitrary and capricious.**

Contrary to Defendants' arguments, ECF No. 24 at 7–8, the gravamen of Plaintiffs' lawsuit is that recent decisions made by the Centers for Disease Control and Prevention (CDC) are now clearly arbitrary and capricious, and the other agency actions are merely derivatives implementing CDC's actions. This Court has jurisdiction to declare unlawful and set aside those actions under the Administrative Procedure Act (APA), and should do so. *See* 5 U.S.C. § 706(2)(A).

**A.   This Court has jurisdiction because CDC's actions are challenged.**

The Centers for Disease Control and Prevention (CDC) is the primary agency actor in carrying out the Mask Mandate. President Biden signed Executive Order 13998 (EO) on January 21, 2021. Appendix 2, ECF No. 16.[1] President Biden says that for COVID-19, "it is the policy of my Administration to implement … public health measures consistent with CDC guidelines on public modes of transportation." *Id.* For each of the other named Defendants, President Biden commanded that their mask requirements be "in compliance with CDC guidelines." *Id.*

CDC has retained its central role. Two days later, on January 29, 2021, CDC issued its "CDC Order." App. 10–16. The Acting Secretary of Homeland Security then ordered the Transportation Security Administration (TSA) to implement the CDC Order. App. 7. TSA did so, saying that its Security Directive was to enforce the CDC Order. App. 18. These are thus all derivative of the CDC's actions, beginning with the CDC Order, then calibrated to remain consistent with subsequent CDC decisions through April 2022. By the President's order, CDC is the central star in this constellation, and everyone else's actions are contingent upon CDC's.

---

[1] References to the Appendix ("App.") refer to ECF No. 16 filed in support of Plaintiffs' motion.

Just days ago, the White House confirmed that CDC is still the primary actor. Dr. Asish Jha is the White House's COVID-19 Response Coordinator, specified in the EO as a top official regarding the Mask Mandate. App. 3. When asked if the Mask Mandate would be extended, Dr. Jha responded, "This is a decision that the CDC Director, Dr. Walensky, is going to make. I know that the CDC is working on developing a scientific framework … Look, this is a CDC decision …." Interview with Asish Jha, *Today Show* (NBC television broadcast Apr. 11, 2022), https://tinyurl.com/bddcjkj6. If President Biden's senior COVID-19 aide says CDC is making these decisions, this Court should take the White House at its word.

Certainly, the President could modify his EO to order TSA and FAA to act independently of CDC. But this Court has an obligation to rule on the legality of the agency action before it. The fact that other agency actions are involved, and that there might be other pathways to reach the same result, is immaterial to this Court's decision.

Indeed, Defendants do not dispute that Plaintiffs have established redressability for standing purposes. If what Plaintiffs seek would be ineffective, Defendants would be saying that Plaintiffs lack standing due to lack of redressability. Defendants thus implicitly admit that Plaintiffs' injuries would be redressable if this Court grants the relief sought here.

This Court therefore has subject-matter jurisdiction to resolve this case in one of two fashions. First, this Court should hold that its jurisdiction over CDC encompasses other agencies carrying out CDC's decisions—just like the CDC made the Title 42 decision, even though DHS personnel carry it out on the border. At a minimum, this Court should enjoin CDC's actions only, which under the current EO will effectively require the other agencies to desist as well.

### B. It is clear that the Mask Mandate is now arbitrary and capricious.

#### 1. Plaintiffs challenge CDC's recent actions based on the evidence CDC recently had in hand.

On the merits, Plaintiffs' argument is that, all else aside, the Mask Mandate was clearly arbitrary and capricious after Defendants decided to extend it beyond March 18, 2022. ECF No. 15 at 17. Plaintiffs are arguing from the lesser to the greater: It is questionable at best whether Defendants' actions had already crossed the legal threshold on January 29, 2021. A great deal of research has since been done, recounted in Plaintiffs' opening brief. If Plaintiffs' actions were arbitrary and capricious in January 2021, then *a fortiori* they are arbitrary and capricious now. But even if those initial actions were legally sufficient in early 2021, subsequent discoveries render the more recent decisions arbitrary and capricious now. Plaintiffs thus challenge the legality of Defendants' actions currently in effect—primarily CDC's—based on the evidence and information that CDC had at the time in 2022 when it took action to extended the mandate.

Defendants' argument that Plaintiffs were dilatory in seeking relief, ECF No. 24 at 11, is thus false. CDC's March 18, 2022 decision to extend the Mask Mandate is what precipitated this lawsuit. Plaintiffs filed five days later, and sought a preliminary injunction one week later. After the same agency, CDC, decided on April 1 to terminate Title 42, Plaintiffs believed the arbitrariness of its flawed decisionmaking had become so clear as to warrant a TRO.

#### 2. CDC's recent actions are arbitrary and capricious under factors Defendants do not discuss.

The Supreme Court and Fifth Circuit have set forth criteria for what amounts to arbitrary and capricious agency action. Defendants erect a strawman by painting Plaintiffs as arguing that masks are worthless. To the contrary, Plaintiffs actually cited various levels of effectiveness, and primarily target the limits and disadvantages of masks, and inconsistencies and unexplained issues with the Mask Mandate. ECF No. 15 at 8–9. It is on all these other factors that Defendants fail.

3

APA review "is not toothless." *Wages & White Lion Investments, L.L.C. v. U.S. Food & Drug Admin.*, 16 F.4th 1130, 1136 (5th Cir. 2021). To satisfy arbitrary and capricious review, an agency must consider all relevant factors and aspects, examine relevant data, and satisfactorily explain its action. *Motor Vehicles Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). CDC's decisionmaking here does not meet this standard.

For example, Defendants' point that the military's assessment that it would take 54 hours on a plane to get infected cuts in their favor because that study assumed wearing surgical masks, ECF No. 24 at 19, actually cuts *against* them, and in Plaintiffs' favor. Defendants do not deny Plaintiffs' studies that surgical masks are only 12 percent effective. ECF No. 15 at 9. Defendants fail to explain why masks are necessary when, with 12 percent protection, it still takes 54 hours to get infected, while the longest flight in the world is only 18 hours. *See* Rytis Beresnevicius, *Singapore Airlines introduces world's longest flight to JFK*, AEROTIME HUB (Oct. 20, 2020), https://tinyurl.com/2jzdyjhv. Given the length of time it takes to get infected with minimal (12 percent) protection, why is zero protection insufficient for flights less than one-third of 54 hours? And domestic flights would be much shorter than 18 hours. That is illogical, which is an indication of arbitrary and capricious action. *U.S. Chamber of Commerce v. U.S. Dep't of Labor*, 885 F.3d 360, 382 (5th Cir. 2018).

Another example pertains to restaurants and bars. Experts have determined that people are at greater risk from COVID-19 in restaurants than in airplanes. ECF No. 15 at 10. Defendants never deny this expert conclusion, nor dispute the facts that feed into it, such as the extensive filtration of the cabin air. Yet CDC does not recommend mandating masks in restaurants and bars if a person is vaccinated. *COVID-19: Choosing Safer Activities*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/daily-life-coping/participate-in-activities.html (last

visited Apr. 14, 2022).  An alternate CDC measure, based on the level of community spread for COVID-19, which does not recommend masks for low- and medium-spread, instead only advising them for high-spread areas if indoors.  *COVID-19: Use and Care of Masks*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/about-face-coverings.html (last visited Apr. 14, 2022).  As recently as last month, this was interpreted as meaning that 98 percent of the time people need not wear masks indoors.  *See* Celicia Smith-Schoenwalder, *CDC Guidance: 98% of the U.S. Population Can Drop Masks Indoors*, U.S. NEWS & WORLD REP., (Mar. 11, 2022), https://tinyurl.com/459ysawn.  Here, CDC never reconciles requiring masks in the lower-risk environment of an airplane while not recommending it in restaurants or most indoor activities.  Nor does it reconcile its policy of exempting vaccinated individuals from masking.  Unexplained inconsistency makes an agency action arbitrary and capricious, *Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 981 (2005), as does internal inconsistency, *U.S. Chamber*, 885 F.3d at 382.  The Mask Mandate should fall on this point alone.

Moreover, CDC does not deny that the calculus for masks should be different for children.  All Defendants say is that CDC's decision is reasonable.  But although CDC continues to extend the Mask Mandate, it now makes an exception for public transportation of children to school. *Requirements for Face Masks on Public Transportation Conveyances and at Transportation Hubs*, CDC (Feb. 25, 2022), https://www.cdc.gov/coronavirus/2019-ncov/travelers/face-masks-public-transportation.html.  Why is that safe, but not if the same mode is used for something other than school?  And Defendants do not deny that airplane air is cleaner than buses.  These unexplained and internal inconsistencies are fatal.  *Brand X*, 545 U.S. at 981; *U.S. Chamber*, 885 F.3d at 382.

Defendants also do not attempt to refute the studies cited by Plaintiffs regarding the risks of physical and mental harm to children from masks.  All they do is say that they made different

5

decisions from those of the World Health Organization, and in that vein, defend setting the exemption cutoff at age two instead of six because the CDC heeded different experts. ECF No. 24 at 21. But "reliance on expertise and experience" is not enough to satisfy the APA, because such reliance "is no substitute for reasoned decisionmaking." *Wages & White Lion*, 16 F.4th at 1137. Defendants present no such reasoned decisionmaking on these children's issues.

Nor does CDC *show* it has accounted for natural immunity. Defendants' response, ECF No. 24 at 20, merely claims it was considered. "Stating that a factor was considered … is not a substitute for considering it." *Texas v. Biden*, 20 F.4th 928, 993 (5th Cir. 2021) (internal quotation marks omitted). The failure to incorporate natural immunity into the Mask Mandate was arbitrary.

Finally, the CDC Order simply states "that the mask-wearing requirements in this Order are reasonably necessary to prevent the further introduction, transmission, or spread of COVID-19." App. 15. But this is a stereotypical example of a conclusory statement, insufficient for 5 U.S.C. § 706(2)(A). *Wages & White Lion*, 16 F.4th at 1137. This Court has also held that imposing a federal COVID-19 mask mandate as a one-size-fits-all mandate instead of tailoring the policy to account for relevant factors is the hallmark of action that is arbitrary and capricious. *Texas v. Becerra*, No. 5:21-cv-300-H, --- F. Supp. 3d ---, 2021 WL 6198109, at *16 (N.D. Tex. Dec. 31, 2021). That is what Defendants have done here.

In short, the questions Plaintiffs posed still remain unanswered after Defendants' brief:

Why exempt one-year-olds, but not five-year-olds, as the World Health Organization does? *See Coronavirus disease (COVID-19)*, *supra*. Why say people must wear a mask when standing in an airport, but not while they are sitting, so long as they are eating or drinking for a short period of time? How does the presence of food or drink at their table lower their risk of contracting or spreading COVID-19 compared to sitting at the same table without a beverage? And what data clearly explain why the permissible time period to sit in an airport restaurant maskless is 15 minutes, instead of 10 minutes or 45 minutes? And if passengers can sit for 15 minutes without a mask when sitting in an airport restaurant, why cannot they sit without a mask for 15 minutes while on an airplane? For that matter, given how much more heavily filtered the air is on an airplane—*cleaner* than restaurant air, which

6

is what they would breathe at an airport restaurant—why are they then not allowed to remove their mask for *longer* than 15 minutes?

ECF No. 15 at 16–17. Plaintiffs repeat: These things are unexplained by the record—as it exists in 2022—because they are inexplicable. These questions demonstrates that Defendants—in 2022—are acting unreasonably, illogically, and inconsistently by imposing a Mask Mandate with these features. The requirement for reasoned decisionmaking is met only "when the agency's explanation is clear enough that its path may be reasonably discerned." *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 221 (2016). It is not. Defendants are violating the APA.

### 3.   CDC's April 13 extension announcement shows that only swift injunctive relief will suffice.

Moreover, the fact that CDC announces only days before expiration that it is extending the Mask Mandate for yet another 15 days—and could then extend it yet again—shows why this Court must act swiftly. An agency must assess "the wisdom of its policy on a continuing basis." *Brand X*, 545 U.S at 981 (internal quotation marks omitted). Quite the opposite, the CDC is nickel-and-diming the regulatory process and judicial review by extending this unwarranted requirement in 30- or 15-day increments, with only generalized and conclusory statements about being justified by the latest data.

Separately, Defendants' insistence on a 14-day delay if this Court grants a TRO rings hollow. First, ending the Mask Mandate does not require anyone to do anything. When imposing a mandate, supplies must to be distributed and people trained on proper use. Ending a mandate just tells them to relax. They do not even need to be told the mandated ended, because people would be free to wear masks if they choose. So all the handwringing about the need to communicate with a vast number of people is overwrought. Second, Plaintiffs might have had a point a century ago. But this is 2022, not 1922. Between television news, the internet, texting, and social media, Plaintiffs are confident the word can get out in fewer than 14 days to people who

need to know about the policy change. Third, when the public expected these measures could lapse on April 18, 2022, Defendants gave the public only five days' notice that the Mask Mandate would be extended. *See* Andrea Hagstrom, *CDC extending travel mask mandate 15 more days*, FOX BUS. (Apr. 13, 2022), https://tinyurl.com/4r8jenxv. Two weeks are thus clearly not needed. It will not harm the United States Government to allow Plaintiffs to travel without a mask. If Defendants want to seek a stay of a TRO, they can seek it in the usual way.

## II. Presidents can be named as Defendants when their Executive Orders give rise to a lawsuit.

Defendants next argue that President Biden must be dismissed as a party, and that this should happen at the early stage of granting a temporary restraining order. They are mistaken.

This case is unlike *U.S. Navy SEALs 1–26 v. Biden*, No. 4:21-cv-1236-O, 2022 WL 34443 (N.D. Tex. Jan. 3, 2022), because there the originating challenged action was from the Secretary of Defense, not the President. *See id.* at *1–3. This case by contrast is like several that went through the Supreme Court with the President still named. One is *Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080 (2017) (*IRAP*), challenging the President's Executive Orders. *See id.* at 2083–84. Another was when the President was sued in a challenge to Presidential Proclamation 9645. *Trump v. Hawaii*, 138 S. Ct. 2392, 2404 (2018). This case should be no different.

Moreover, this Court can declare unlawful the agency actions taken to implement Executive Order 13998 without enjoining the President. This Court may presume "that the officials of the Executive Branch will adhere to the law as declared by the court. As a result, the declaratory judgment is the functional equivalent of an injunction." *Comm. on Judiciary of U.S. House of Reps. v. Miers*, 542 F.3d 909, 911 (D.C. Cir. 2008).

Thus, while Plaintiffs ask for injunctive relief against the various agencies here and their

8

officers, no such injunction needs to lie against the President himself. The President, however, should remain as a party, at least until such time as full briefing can be presented on this matter if Defendants file a motion to dismiss.

### III. Defendants deliberately confuse the balance of hardships with irreparable harm in the four-factor injunction analysis.

Defendants' arguments regarding harm, ECF No. 24 at 10, 12–13, are flawed. First, they assert that the harm Plaintiffs complain of is 14 months old. As discussed in Parts I.A & B, the CDC's challenged actions occurred in the past month.

Second, the nature of the harm: Plaintiffs wearing and obtaining masks are separate irreparable harms. Purchasing masks even for six dollars is a harm. Defendants cite no minimum amount-in-controversy requirement for an injunction. A CDC website does not tell a person where they can get "free" masks; it tells people where they can get masks if they suffer the harm of spending time, fuel, and wear-and-tear on their vehicle, which is hardly insignificant, given that a businessperson can write it off per mile on taxes at rates that can exceed the "savings" on "free" masks. *See IRS issues standard mileage rates for 2021*, IRS, https://tinyurl.com/mrypurdt (owners can write off 56 cents per mile).

But even if it were truly zero economic cost, it would still be a harm. Plaintiffs do not want to wear uncomfortable and burdensome masks. App. 139 ¶ 16, 143 ¶ 7, 146 ¶ 5. And Defendants do not refute the risk of harms Plaintiffs presented, especially regarding children, because a "substantial threat" of injury is sufficient. *Jordan v. Fisher*, 823 F.3d 805, 809 (5th Cir. 2016). Nor is this limited to one 14-year-old, as FRC Action's 26,163 members including parents with children of all ages. *Cf.* App. 139 ¶¶ 9–11.

Defendants' other harm argument also fails. The irreparable-harm prong of the test for preliminary relief asks merely if Plaintiffs will suffer harm that cannot be remedied by monetary

9

damages after the fact. The "frequently reiterated standard" requires only "that irreparable injury is likely" absent an injunction. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (emphasis omitted). "The analysis focuses on irreparability, irrespective of the magnitude of the injury." *California v. Azar*, 911 F.3d 558, 581 (9th Cir. 2021) (internal quotation marks omitted).

Comparing that harm to the hardship Defendants would encounter if an injunction issues is the third prong of the analysis, not the second. *See, e.g.*, *Dialysis Patient Citizens v. Burwell*, No. 4:17-cv-16, 2017 WL 365271, at *6 (E.D. Tex. Jan. 25, 2017). Yet Defendants dare not admit that, because the Defendant is the government. Accordingly, the third and fourth prongs merge, *Nken v. Holder*, 556 U.S. 418, 435 (2009), and enjoining unlawful agency actions is always in the public interest, *Wages & White Lion*, 16 F.4th at 1143.

### IV. A nationwide injunction is needed for relief for the 26,000-plus people represented here.

Finally, nationwide relief is necessary. A district court's authority "extends across the country." *Texas v. United States*, 809 F.3d 134, 188 (5th Cir. 2015), *aff'd by an equally divided court*, 136 S. Ct. 2271 (2016). And, while an injunction should not burden Defendants more than necessary, *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979), nationwide scope is appropriate when necessary to provide complete relief to Plaintiffs, *Texas*, 809 F.3d at 188. Plaintiff FRC Action's 26,163 members require that here.

### CONCLUSION

For the foregoing reasons, the Mask Mandate is arbitrary and capricious and is causing irreparable harm. This Court should accordingly grant immediate injunctive relief.

April 14, 2022                                                     Respectfully submitted,

                                                                                   */s/ Kenneth A. Klukowski*
                                                                                   Mark R. Paoletta*
                                                                                   D.C. Bar No. 422746
                                                                                   Gene C. Schaerr*
                                                                                    D.C. Bar No. 416368
                                                                                   Kenneth A. Klukowski
                                                                                   D.C. Bar No. 1046093
                                                                                   SCHAERR | JAFFE LLP
                                                                                   1717 K Street NW, Suite 900
                                                                                   Washington, DC 20006
                                                                                   Tel: (202) 787-1060
                                                                                   Facsimile: (202) 776-0136
                                                                                   kklukowski@schaerr-jaffe.com

                                                                                   **Pro hac vice* application forthcoming*

                                                                                   *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

On April 14, 2022, I filed the foregoing document with the clerk of court for the United States District Court, Northern District of Texas. I hereby certify that I have served the document on counsel of record for all parties via the Court's ECF system.

*/s/ Kenneth A. Klukowski*
Kenneth A. Klukowski

*Attorney for Plaintiffs*
