UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| FAMILY RESEARCH COUNCIL ACTION, INC., *et al.*,<br><br>        Plaintiffs,<br><br>   v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*,<br><br>        Defendants. | Civil Action No. 4:22-cv-00209-O |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
BRIEFS REGARDING THE MARCH 24, 2022 ORDER**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CHAD E. MEACHAM
Acting United States Attorney

ERIC B. BECKENHAUER
Assistant Branch Director

STEPHEN M. PEZZI
MICHAEL J. GERARDI
ANDREW F. FREIDAH
JOHNNY H. WALKER
  Trial Attorneys
United States Department of Justice
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: 202-616-0680
Email: michael.j.gerardi@usdoj.gov

*Counsel for Defendants*

Defendants respectfully submit this response to Plaintiffs' briefs on whether *Van Duyne v. Centers for Disease Control & Prevention*, No. 4:22-cv-122 (N.D. Tex. filed Feb. 16, 2022), and *Family Research Council Action v. Biden*, No. 4:22-cv-209 (N.D. Tex. filed Mar. 24, 2022) ("*FRC*"), should be consolidated under Federal Rule of Civil Procedure 42. As Defendants explained, because both cases are already pending before this Court, there may be little practical difference between formal consolidation and informal coordination of them. *Van Duyne*, ECF No. 24; *FRC*, ECF No. 19. As between the two options, Defendants' view is that consolidation would lend itself to a more efficient resolution of the two cases and better "promote the administration of justice." *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973). The *FRC* and *Van Duyne* Plaintiffs staked out divergent views on consolidation, which Defendants address below.

The *FRC* Plaintiffs took "no position" on whether consolidation would be appropriate if "Defendants extend the Mask Mandate beyond April 18, 2022, or because the Mask Mandate is terminated in a manner that satisfies an exception to normal principles of mootness." *FRC*, ECF No. 19 (*FRC* Br.) at 2. Defendants agree with the *FRC* Plaintiffs (1) that "is unlikely that there will be much of a practical difference for this Court" between consolidation and informal coordination, and (2) that the Court "might find consolidation desirable" given the similarities between *FRC* and *Van Duyne*. *Id.* Although Defendants support formal consolidation, they join the *FRC* Plaintiffs in "deferring to the Court's determination as to what best conserves judicial resources and benefits the Court in resolving these legal challenges." *Id.*

Plaintiffs in *Van Duyne*, by contrast, oppose consolidation. They first argue that consolidation would be improper because *Van Duyne* raises a "purely legal challenge" to the transportation mask order, while *FRC* raises "almost entirely a factual challenge." *Van Duyne*, ECF No. 25 (*Van Duyne* Br.) 2–3. That is mistaken. In fact, "when an agency action is challenged" as arbitrary and capricious under the Administrative Procedure Act (APA), "[t]he entire case on review is a question of law and only a question of law." *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993). Neither *Van Duyne* nor *FRC* requires the resolution of disputed questions of fact. There is no sound reason why the Court could not consolidate the statutory authorization and constitutional

1

claims in *Van Duyne* with the arbitrary and capricious claim in *FRC* for joint consideration. Such claims are routinely considered together in APA cases.

The *Van Duyne* Plaintiffs next suggest that consolidation would prevent a swift resolution of *Van Duyne* because of "likely lengthy discovery" in *FRC*. *Van Duyne* Br. 4–6. That is similarly mistaken. "Ordinarily," when weighing an arbitrary and capricious claim under the APA, the Court is "limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record," and discovery is not allowed unless plaintiffs make a strong showing that exceptional circumstances warrant it. *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573–74 (2020); *see also Exxon Corp. v. Dept. of Energy*, 91 F.R.D. 26, 33 (N.D. Tex. 1981) (Higginbotham, J.) ("Matters not considered by the agency . . . are outside the record evaluated [by courts], are legally irrelevant, and therefore are not discoverable under Fed. R. Civ. P. 26."). The *Van Duyne* Plaintiffs give no reason to believe such a showing is likely here—and the *FRC* Plaintiffs themselves have never suggested otherwise.

The *Van Duyne* Plaintiffs also assert that the two cases "are at different stages of preparedness for resolution." *Van Duyne* Br. 6. On the contrary, the cases are almost identically situated: As of today, both *FRC* and *Van Duyne* have fully briefed motions for a preliminary injunction awaiting decision, with no answer served in either case. If the Court wishes to proceed to expedited summary judgment briefing to resolve these challenges, there is no reason why it could not do so in both cases. Defendants have already filed the administrative record in *FRC*, ECF No. 23, so both *Van Duyne* and *FRC* are at an equally "appropriate stage for briefing on summary judgment" should the Court direct it. *Id.* at 3.

Finally, the *Van Duyne* Plaintiffs make much of the presence of other defendants[1] in the *FRC* case. *Van Duyne* Br. 3 & 4–5. This difference is largely illusory. The Court has recognized that it "has no declaratory or injunctive power against" the President. *U.S. Navy SEALs 1–26 v. Biden*, No. 4:21-

---

[1] President Biden, the U.S. Department of Transportation, Secretary of Transportation Peter P. Buttigieg, the Federal Aviation Administration (FAA), FAA Administrator Stephen M. Dickson, the Department of Homeland Security, Secretary of Homeland Security Alejandro Mayorkas, the Transportation Security Administration (TSA), and TSA Administrator David P. Peksoke.

cv-01236-O, --- F. Supp. 3d ----, 2022 WL 34443, at *3 (N.D. Tex. Jan. 3, 2022) (O'Connor, J.); *accord Mississippi v. Johnson*, 71 U.S. 475, 501 (1866). And as explained in Defendants' opposition to the *FRC* Plaintiffs' motions for preliminary relief, the Court lacks jurisdiction over the *FRC* Plaintiffs' claims against DOT, FAA, DHS, and TSA. *FRC*, Defs.' Opp'n to PI and TRO Mots., ECF No. 24, at 7–9. The *Van Duyne* Plaintiffs, who did not sue any of these defendants, do not contend otherwise.

Accordingly, Defendants reiterate their support for formal consolidation of the *FRC* and *Van Duyne* matters under Rule 42.

Dated: April 15, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CHAD E. MEACHAM
Acting United States Attorney

ERIC B. BECKENHAUER
Assistant Branch Director

By:  */s/ Michael J. Gerardi*
STEPHEN M. PEZZI
MICHAEL J. GERARDI (D.C. Bar No. 1017949)
ANDREW F. FREIDAH
JOHNNY H. WALKER
  Trial Attorneys
United States Department of Justice
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: 202-616-0680
E-mail: michael.j.gerardi@usdoj.gov

*Counsel for Defendants*

3