UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| FAMILY RESEARCH COUNCIL ACTION, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Civil Action No. 4:22-cv-00209-O |

### **DEFENDANTS' REPLY REGARDING THE COURT'S APRIL 18, 2022 ORDER**

Plaintiffs appropriately concede that "Judge Mizelle's remedy of vacatur has the same practical effect as a nationwide injunction, which Plaintiffs are seeking here." Pls.' Br., ECF No. 30, at 18. That is why, as Defendants explained in their response to the Court's April 18, 2022 order, the recent final judgment in *Health Freedom Defense Fund, Inc. v. Biden*, No. 21-cv-1693, --- F. Supp. 3d ----, 2022 WL 1134138 (M.D. Fla. Apr. 18, 2022), obviates any current need for this Court to resolve Plaintiffs' motions for a temporary restraining order and for a preliminary injunction, which thus should be held in abeyance. If the Court wishes to decide the motions now, however, they should be denied—for all the same reasons as before, but now also for the additional reason that "[t]he vacatur of the Mask Order by the United States District Court for the Middle District of Florida renders Plaintiff[s] incapable of claiming any harm from the ongoing enforcement of the Mask Order." Mem. Op., *Andreadakis v. CDC*, No. 22-cv-52, ECF No. 87, at 13 (E.D. Va. Apr. 22, 2022).

Plaintiffs' filing offers no basis for a different approach. Instead, Plaintiffs attack a series of straw men, primarily arguing that they have Article III standing, and that the case as a whole is not moot—candidly acknowledging that "Plaintiffs intended to present these arguments if Defendants filed a motion to dismiss invoking Federal Rule of Civil Procedure 12(b)(1)." Pls.' Br. at 5 n.2. But

Defendants have not filed a Rule 12 motion (and as Plaintiffs acknowledge, the deadline to do so is not "imminent," *id.*), and therefore do not intend to respond at this time to most of Plaintiffs' standing and mootness arguments—although, to be clear, Plaintiffs' arguments are mistaken in many respects. Instead, Defendants will respond here only to the arguments that are material to the issues raised by the Court's April 18, 2022 order.

**1.** In response to the Court's order, Defendants cited a plethora of authority from across the country for the proposition that this Court should not enter a duplicative injunction, now that the *Health Freedom* court has already provided nationwide relief that remedies any ongoing injury allegedly being suffered by these Plaintiffs. *See* Defs.' Resp. to the Court's April 18, 2022 Order, ECF No. 29, at 2-3 (citing seven cases). In short, as Judge Novak explained on Friday in denying an analogous preliminary-injunction motion, "[t]he vacatur of the Mask Order by the United States District Court for the Middle District of Florida renders Plaintiff[s] incapable of claiming any harm from the ongoing enforcement of the Mask Order." Mem. Op., *Andreadakis v. CDC*, No. 22-cv-52, ECF No. 87, at 13 (E.D. Va. Apr. 22, 2022).

Plaintiffs, on the other hand, simply assert that "[i]t is squarely within the discretion of this Court as to whether to move forward to rule on our pending motion for injunctive relief." Pls.' Br. at 2. In doing so, Plaintiffs rely (at 2-3) primarily on a Ninth Circuit decision that (1) was subsequently vacated by the Supreme Court; and (2) predates the Ninth Circuit's decision in *California v. Trump*, 963 F.3d 926, 949 (9th Cir. 2020), which comes out the other way, and holds that it "was certainly not an abuse of discretion" for the district court to deny relief that "was duplicative of the relief the district court had already granted"—even though that relief had later been stayed by a higher court. Plaintiffs likewise rely (at 3-4) on an Eleventh Circuit decision that (in their words) rested on the fact that "a nationwide preliminary injunction would not be a long-term disposition of the case, since a preliminary injunction lasts only until a district court arrives at a final judgment," Pls.' Br. at 3 (quotation omitted)—apparently overlooking the fact that *Health Freedom* has *already* been litigated to final judgment. The weight of authority thus strongly supports Defendants' position that duplicative injunctive relief is both unnecessary and inappropriate—a position that has been adopted by the only

2

court to address the issue in the context of CDC's mask order. *See* Mem. Op., *Andreadakis v. CDC*, No. 22-cv-52, ECF No. 87, at 13 (E.D. Va. Apr. 22, 2022).

Plaintiffs' position also overlooks that "[a]n injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010). For that reason, the Supreme Court has admonished district courts not to enjoin agency action "[i]f a less drastic remedy (such as partial or complete vacatur of [the agency's] decision) was sufficient to redress [the plaintiff's] injury." *Id.* at 165-66. Because Plaintiffs have not even acknowledged this general rule—much less attempted to show that an injunction would "have any meaningful practical effect independent of [the mask mandate's] vacatur," *id.* at 165—the Court should not grant duplicative and unnecessary injunctive relief here.

**2.** Plaintiffs offer a variety of arguments—some they have made before, some that they (improperly) assert for the first time now—about why they are suffering an Article III injury. For example, for the first time in this litigation, Plaintiffs assert that they have standing on the theory that masks "make it unpleasant to engage in air travel," and that "[t]hat interference with enjoying air travel is a separate injurious impact from the Mask Mandate which Plaintiffs seek to remedy in this suit." Pls.' Br. at 8; *see also* Blackwell Aff., ECF No. 31, ¶ 4 ("I also find that wearing masks on airplanes and in airports interferes with my enjoyment of air travel, both in the airport and on the airplane."). Plaintiffs cite no authority for the idea that a marginal decrease in the "enjoyment" of air travel supports Article III standing—but all that matters now is that Plaintiffs do not even *assert* that this qualifies as irreparable harm that would justify the "extraordinary remedy" of a preliminary injunction. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Nor could they—both because an injunction should not issue "'to restrain an act the injurious consequences of which are merely trifling," *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 12 (1982) (quoting *Consol. Canal Co. v. Mesa Canal Co.*, 177 U.S. 296, 302 (1900)), but also for the even more obvious reason that, currently, Defendants are not requiring

anyone to wear masks.[1] So, regardless of whether Plaintiffs have standing (on that theory or any other), their preliminary-injunction motion remains meritless.

**3.** "Without question, the irreparable harm element must be satisfied by independent proof, or no injunction may issue." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). Despite that requirement, Plaintiffs say almost nothing about irreparable harm in their latest filing, *see* Pls.' Br. at 17, and what little they do say does not even attempt to account for the intervening development of the *Health Freedom* order—even though they seem to recognize that that question was at the heart of this Court's order. *See id.* ("The impetus for the Court's supplemental briefing order apparently arises from the requirement that Plaintiffs must face the threat of irreparable harm to warrant a preliminary injunction."). Plaintiffs do argue (in one sentence) that "[a]n injury is an irreparable harm simply if it cannot be undone by granting monetary damages," *id.*, but that confuses a necessary condition for preliminary injunctive relief with a sufficient one. And the question on a motion for preliminary injunction is not simply whether injunctive relief is appropriate, but whether it is necessary *now*—"a preliminary injunction will not be issued simply to prevent the possibility of some remote future injury." *United States v. Emerson*, 270 F.3d 203, 262 (5th Cir. 2001) (quoting 9 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2948.1 at 153-56). Instead, "[a] presently existing actual threat must be shown." *Id.* Plaintiffs have not made that showing here, given the existence of the final judgment in *Health Freedom*—which Plaintiffs concede "has the same practical effect as" the relief that they "are seeking here." Pls.' Br. at 18.

---

[1] CDC, *Order: Wearing of face masks while on conveyances and at transportation hubs* (Apr. 18, 2022), https://perma.cc/4FPS-EP8V ("As a result of a court order, effective immediately and as of April 18, 2022, CDC's January 29, 2021 Order requiring masks on public transportation conveyances and at transportation hubs is no longer in effect. Therefore, CDC will not enforce the Order."); TSA, *Statement regarding face mask use on public transportation* (Apr. 18, 2022), https://perma.cc/NTJ2-MSNL ("Due to today's court ruling, effective immediately, TSA will no longer enforce its Security Directives and Emergency Amendment requiring mask use on public transportation and transportation hubs. TSA will also rescind the new Security Directives that were scheduled to take effect tomorrow."); *see also U.S. airlines drop mask requirements for passengers, employees* (Apr. 19, 2022), REUTERS, https://perma.cc/6QNM-KK7Q (Alaska Airlines, American Airlines, Delta Air Lines, American Airlines, United Airlines, JetBlue, Southwest Airlines, Allegiant Airlines, Hawaiian Airlines, Spirit Airlines, and Frontier Airlines).

Plaintiffs also cite *BST Holdings, LLC v. OSHA*, 17 F.4th 604, 618 (5th Cir. 2021), for the proposition that they "continue suffering the irreparable injuries caused by an unlawful federal overreach." Pls.' Br. at 17. That citation is inapposite. *BST Holdings* held that—in the context of claims involving "the free religious exercise of certain employees" challenging OSHA's vaccine-or-test requirement—"the loss of constitutional freedoms 'for even minimal periods of time . . . unquestionably constitutes irreparable injury.'" *Id.* at 618 & n.21 (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Plaintiffs in this case, however, assert no constitutional claims. Nor could they. *See, e.g.*, *Klaassen v. Trs. of Ind. Univ.*, 7 F.4th 592, 593 (7th Cir. 2021) (Easterbrook, J.) ("These plaintiffs just need to wear masks and be tested, requirements that are not constitutionally problematic."), *application for injunction denied*, No. 21A15, 2021 U.S. LEXIS 3677 (U.S., Aug. 12, 2021).

**4.** Remarkably, Plaintiffs also argue that, although it is undisputed that the federal government currently does not require them to wear masks, in a few state and local jurisdictions, some "state health authorities" might still require masks, such as airport authorities in New York City, and (maybe?) Chicago. *See* Pls.' Br. at 15 ("Chicago reimposed a mask mandate after the Florida court's order, though it may since have been lifted."); *id.* ("News reports from New York City suggest that JFK International Airport and LaGuardia similarly are enforcing mask requirements. These requirements come from state health authorities."). Their affiants likewise declare, for example, that they "travel frequently by air, and some of those trips are to or through airports in Chicago and New York City," where "there might be some sort of ongoing mask requirements." Blackwell Aff. ¶ 8; *see also id.* ¶ 9 ("It would impose significant additional obstacles to my travel to avoid these airports when my final destination is either of those cities, and is sometimes the case."). Plaintiffs argue that these state and local mask rules are "collateral consequences of the Mask Mandate," Pls.' Br. at 14, and imply that they somehow are relevant to the matters before this Court.

They are not. Even excusing Plaintiffs' speculative and vague allegations about possible future travel plans, as well as Plaintiffs' (and their declarants') apparent uncertainty about whether there are in fact any such requirements in place, Plaintiffs do not argue—nor could they—that any state or local mask rule is currently *required* by the federal government. Plaintiffs did not sue New York City or

5

Chicago, and undersigned counsel from the United States Department of Justice does not represent New York City or Chicago. Regardless of the outcome of this litigation (or the *Health Freedom* litigation), state or local jurisdictions will remain free to impose their own mask requirements, as many did well before the CDC order at issue here. Those state and local requirements thus have nothing to do with this litigation. *See, e.g.*, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (to support Article III standing, the plaintiff's "injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court").

**5.** Finally, Plaintiffs assert that they "have an ongoing stake in the outcome of this litigation" because "granting an injunction could help resolve the ongoing confusion regarding masks by demonstrating to public policy officials a growing judicial consensus that the Mask Mandate is unlawful." Pls.' Br. at 18. That argument is inconsistent with Article III of the U.S. Constitution— "the federal courts" are not "publicly funded forums for the ventilation of public grievances[.]" *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982). And even if such a theory were permissible as a matter of Article III standing, Plaintiffs do not even argue that their supposed desire for "judicial consensus" that might influence "public policy officials" would remedy any irreparable harm. Pls.' Br. at 18.

\*   \*   \*

For the reasons above and in Defendants' prior filings, the Court should either hold Plaintiffs' motions in abeyance pending further developments in *Health Freedom*, or deny them.

Dated: April 25, 2022                 Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CHAD E. MEACHAM
Acting United States Attorney

ERIC B. BECKENHAUER
Assistant Branch Director

By:    */s/ Stephen M. Pezzi*
STEPHEN M. PEZZI (D.C. Bar. No. 995500)
MICHAEL J. GERARDI
ANDREW F. FREIDAH
JOHNNY H. WALKER
  Trial Attorneys
United States Department of Justice
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: 202-305-8576
E-mail: stephen.pezzi@usdoj.gov

*Counsel for Defendants*