UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| FAMILY RESEARCH COUNCIL ACTION, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Civil Action No. 4:22-cv-00209-O |

### DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO THE COURT'S MAY 13, 2022 ORDER

On May 13, the Court asked the parties to file briefs addressing (1) mootness, (2) injury-in-fact, and (3) irreparable harm in light of the expiration of the Transportation Security Administration ("TSA") orders assisting with the enforcement of the U.S. Centers for Disease Control and Prevention's ("CDC") transportation masking requirement. Defendants and Plaintiffs submitted response briefs on May 19. *See* ECF No. 41 (Defs.' Br.); ECF No. 42 (Pls.' Br.). Defendants respectfully submit the following reply.

**Mootness.** Plaintiffs contend that this case remains a live dispute over which this Court may exercise its jurisdiction. Pls.' Br. 3–4. On that bottom line, the parties appear to be in agreement at this juncture, as Defendants "do not contend that this case is moot." Defs.' Br. 2. While this renders much of Plaintiffs' extended discussion beside the point, Pls.' Br. 4–12, their misplaced reliance on the "collateral consequences" doctrine bears mention, Pls.' Br. 9–11.

As Plaintiffs acknowledge, the "collateral consequences" doctrine is primarily a criminal law rule that allows courts to continue to exercise jurisdiction over an appeal after the defendant has served his sentence if there are "any collateral legal consequences [that] will be imposed on the basis of the challenged conviction." *Sibron v. New York*, 392 U.S. 40, 57 (1968). The Fifth Circuit has applied the

1

rule in civil cases where "the plaintiff's primary injury . . . has ceased . . . if the challenged conduct continues to cause other harm . . . that the court is capable of preventing." *Allied Home Morg. Corp. v. U.S. Dep't of Housing & Urban Dev.*, 618 F. App'x 781, 787 (5th Cir. 2015) (finding case moot after defendant agency withdrew the challenged agency actions and rejecting plaintiff's argument that the collateral consequences doctrine permitted the court to retain jurisdiction); *see also Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir.1998). Plaintiffs assert that "[t]here are collateral consequences to the CDC's policy that FRC Action members are dealing with," namely, masking requirements imposed by airports in a handful of jurisdictions across the country. Pls.' Br. 10–11.

As Defendants previously explained, these unrelated masking requirements are not "collateral consequences" of the masking order. Defs.' Reply Re. Court's Apr. 18, 2022 Order, ECF No. 32, at 5–6. First, local mask requirements are not "caused" by the masking order. Rather, they are a result of the independent decisions of other entities—state and local governments, and private firms—choosing to follow CDC's expert guidance about indoor masking, which, outside the context of the transportation masking order, is non-binding. Second, the Court is not capable of preventing entities from imposing these requirements. Plaintiffs have not sued any entity, such as New York City or Los Angeles, that requires mask-wearing at their airports. They have never asserted a legal basis for preventing CDC from issuing non-binding recommendations on masking, and they have never claimed that the Court can prevent other entities from imposing masking requirements that take those recommendations into account. Plaintiffs speculate that "a second court injunction could persuade non-CDC actors to conclude that the Mask Mandate is no more, and thus that they should drop their mandates" as well, Pls.' Br. 3, but local and private requirements would likely remain regardless of whether the masking order "exists" or not. Indeed, the persistence of masking requirements after the *Health Freedom* decision underscores just how improbable Plaintiffs' suggestion is. While there is no need for the Court to reach this question in light of the parties' agreement that the case is not now moot, it certainly should not ground any exercise of jurisdiction on the imagined "collateral consequences" of an order that is no longer in effect and is not being enforced.

**Injury-in-Fact.** Plaintiffs' response initially focuses on the question of whether they had an

injury-in-fact *at the time they filed suit*, the relevant point in time at which the Court determines the existence of Article III standing. Pls.' Br. 12–16. But Defendants have not contested Plaintiffs' Article III standing in this case. And even if the Court assumes that Plaintiffs properly pled standing when they filed suit, it does not ineluctably follow that Plaintiffs are suffering an injury-in-fact today as a result of the masking order. In truth, no such present injury exists.

Plaintiffs briefly address this problem by insisting that that they continue to be threatened with the injuries that gave rise to their standing. Arguing that the masking order "can be reimposed at any time" and "agency actors are prepared to reengage when able to do so," Plaintiffs analogize their suit to "a pre-enforcement challenge" to a statute. Pls.' Br. 17–18. The premise of this analogy is false. The transportation masking order cannot be enforced unless and until Defendants obtain relief on appeal in *Health Freedom*, and by that time, the public health situation may be very different. Threatened harms "'must be *certainly impending* to constitute injury in fact'"; mere "'allegations of *possible* future injury' are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis original) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)).

**Irreparable Harm.** Plaintiffs argue that they still "face a substantial threat of irreparable harm." Pls.' Br. 18–19. But as explained elsewhere, *see* Defs.' P.I. Opp'n, ECF No. 24, at 10–15, Plaintiffs have *never* been able to establish irreparable harm in this case. That is even more true today: Courts elsewhere have recognized that "the current state of the Mask Order likely renders Plaintiff incapable of demonstrating irreparable harm" because Defendants are not requiring any public transportation passenger to wear a mask, and there is no *imminent* risk of Defendants doing so simply because an appeal is pending. *Andreadakis v. CDC*, No. 3:22-cv-52, 2022 WL 1204771, at *6 (E.D. Va. Apr. 22, 2022); *see also Seklecki v. CDC*, Hr'g Tr. at 5:24–6:18 (Apr. 26, 2022), ECF No. 37-1 ("[T]here's no irreparable harm after the ruling of the judge in the Middle District of Florida."). Other entities may be imposing what Plaintiffs characterize as "nonrecoverable compliance costs" by continuing to require the wearing of masks, Pls.' Br. 18 (quotation omitted), but an injunction against Defendants would do nothing to prevent those costs from being incurred.

**Next Steps.** Plaintiffs assert that the Court has "three alternative routes forward": (1) grant

Plaintiffs' motions for a preliminary injunction, (2) hold the motions for preliminary injunction in abeyance while the parties proceed to file dispositive motions, or (3) render final judgment on the extensive filings currently before the Court. Pls.' Br. 19–20. Option (1) would be improper for all the reasons Defendants gave in their opposition to Plaintiffs' motions for preliminary relief and in their supplemental filings, but particularly because Plaintiffs have failed to demonstrate irreparable harm. If the Court decides to rule on Plaintiffs' motions, it should deny them. Option (3) would also be in error; as explained elsewhere, the Court cannot, consistent with Federal Rule of Civil Procedure 56, enter summary judgment based solely on the preliminary injunction papers. *Van Duyne v. CDC*, No. 4:22-cv-00122-O, Defs.' Resp. to Pl. Van Duyne's Mar. 30, 2022 Br., ECF No. 21, at 2–5. Option (2), by contrast, tracks Defendants' own suggestion in prior filings that the Court hold the motions for preliminary relief in abeyance. Defs.' Br. 2–3; Defs.' Reply Re. *Health Freedom*, ECF No. 32, at 1. Adopting this path in no way prejudices Plaintiffs. Should CDC obtain relief on appeal in *Health Freedom*, and determine that a mask-wearing requirement is necessary to protect public health at that time, the Court could then act on the pending motions for preliminary relief.

Accordingly, Defendants respectfully urge the Court to hold Plaintiffs' motions in abeyance, pending further proceedings in the *Health Freedom* case, or deny them.

Dated: May 23, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CHAD E. MEACHAM
Acting United States Attorney

ERIC B. BECKENHAUER
Assistant Branch Director

By:  */s/ Michael J. Gerardi*
STEPHEN M. PEZZI
MICHAEL J. GERARDI (D.C. Bar. No. 1017949)
ANDREW F. FREIDAH
JOHNNY H. WALKER
   Trial Attorneys

United States Department of Justice
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: 202-616-0680
E-mail: michael.j.gerardi@usdoj.gov

*Counsel for Defendants*